Filed 4/30/25  P. v. Siegel CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARC ALEXANDER SIEGEL,<br><br>        Defendant and Appellant. | A169229<br><br>(Contra Costa County<br>Super. Ct. No. 04001995604) |

Defendant Marc Alexander Siegel was charged by information with murder (Pen. Code, § 187, subd. (a)[1]) with the use of a firearm (§ 12022.53, subd. (d)).  He pled no contest to an amended count of voluntary manslaughter (§ 192, subd. (a)) and an amended firearm enhancement (§ 12022.5, subd. (a)).  During his plea hearing, he stipulated that he was the actual killer.

The parties stipulated to the preliminary hearing transcript as the factual basis for the plea.  In short, the evidence at the preliminary hearing showed that the victim, Michael Moreno, and his girlfriend were tenants in defendant's home, and a dispute arose while they were moving out.  Moreno's girlfriend testified there was a verbal confrontation between Moreno and

---

[1]     All further undesignated statutory references are to the Penal Code.

1

defendant, during which Moreno slapped defendant in the face, then defendant shot Moreno multiple times as he walked away from defendant.

At sentencing, the trial court sentenced defendant to a term of three years for the voluntary manslaughter count plus a consecutive 10-year term for the firearm enhancement, and dismissed the murder count. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and imposed but stayed an equivalent parole revocation restitution fine (*id.*, § 1202.45).

Defendant filed a notice of appeal, checking a box on the Judicial Council form indicating the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

Defendant's court-appointed counsel filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The brief includes counsel's declaration stating that she informed defendant of her intent to file a *Wende* brief on his behalf, and that she apprised defendant of his right to file a supplemental brief within 30 days. The proof of service accompanying the brief shows counsel provided defendant a copy of the brief. We subsequently received a motion requesting an extension of time for defendant to file a supplemental brief, which we granted, extending the time to file a supplemental brief to April 25, 2025.

Defendant filed a supplemental brief in which he appears to attack the validity of his plea. In sum, he argues that his due process rights were violated due to police and prosecutorial misconduct, and that he suffered from ineffective assistance of counsel. More specifically, he claims that the video and audio evidence, which was presented at his preliminary hearing, was improperly altered by the Antioch Police Department, that several Antioch police officers falsified reports and secured evidence in an improper manner,

and that the prosecutor knowingly allowed the victim's girlfriend to commit perjury at the preliminary hearing. He also claims his various retained attorneys performed deficiently by failing to investigate and challenge the aforementioned altered evidence or other evidence in the case. He indicates these issues caused him to "give up" and take the plea deal the prosecutor offered to him. Defendant further indicates his sentence—which was a bargained-for term of his plea agreement—is "racist."[2]

Reasonably understood, these claims concern the validity of his plea, over which we have no jurisdiction to consider. " ' "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal.' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.) Here, as stated, defendant's notice of appeal indicated he appealed solely from "the sentence or other matters occurring after the plea that do not affect the validity of the plea." Moreover, defendant did not request or obtain a certificate of probable cause. In the absence of such a certificate, our review is limited to matters that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1)–(3).)

Defendant additionally claims that, after he entered the plea, he learned the Antioch Police Department was under investigation, and he wanted his attorney to file a motion under the Racial Justice Act, but his attorney refused to do so. This ineffective assistance claim provides no basis for appellate relief, as it is based on alleged facts outside of the appellate

---

[2] In his supplemental brief, defendant requests that we take judicial notice of the police and doctor reports he received from the prosecutor as discovery. We deny the request, which fails to comply with rule 8.252(a) of the California Rules of Court.

record and is more properly raised in a habeas corpus proceeding.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

We have independently reviewed the record, and we have found no reasonably arguable appellate issue.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## DISPOSITION

The judgment is affirmed.

 

_____
Fujisaki, J.

 

WE CONCUR:

 

_____
Tucher, P. J.

 

_____
Rodríguez, J.

 

*People v. Siegel* (A169229)